**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4057-16T1

JOSEPHINE GRINDLINGER,

    Plaintiff-Appellant,

v.

JONATHAN M. ABENAIM, D.M.D.,

    Defendant-Respondent.

_____

Argued May 30, 2018 — Decided July 13, 2018

Before Judges Manahan and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No. L-
5697-15.

Michael J. Lunga argued the cause for
appellant.

Stephen H. Schechner argued the cause for
respondent (Schechner Marcus LLP, attorneys;
Stephen H. Schechner, on the brief).

PER CURIAM

    Plaintiff Josephine Grindlinger appeals from an order

dismissing her dental malpractice complaint against defendant Dr.

Joseph M. Abenaim, D.M.D., on statute of limitations grounds.  We affirm.

The facts underlying this appeal are straightforward.  We recite those facts in a light most favorable to plaintiff.  Grindlinger was a patient of Dr. Abenaim.  The doctor performed oral surgery on Grindlinger.  The surgery included the extraction of teeth and the placement of numerous dental implants along with a bridge.  The surgery and related dental treatment took place over a period of almost three years between July 2008 and May 2011.

In July 2013, Grindlinger saw Dr. Howard Spielman, D.D.S., on a complaint of mouth pain.  The records of Dr. Spielman indicated that the pain emanated from an area of Grinlinger's mouth where Dr. Abenaim placed the implants.  Dr. Spielman noted upon his examination that there was swelling in the area of the implants.  The doctor prescribed antibiotics and referred Grindlinger to Dr. Robert E. Weiner, D.M.D., a prosthodontist,[1] for an evaluation.

---

[1]    According to "The American College of Prosthodontists," prosthodontics is a dental specialty recognized by the American Dental Association.  The practice pertains to, among other areas, the diagnosis and treatment of clinical conditions associated with missing or deficient teeth.  A prosthodontist is trained in dental implants.  About ACP: Mission & Purpose, AM. COLL. OF PROSTHODONTISTS, https://www.prosthodontics.org/about-acp/ (last visited June 25, 2018).

Dr. Weiner examined Grindlinger on August 9, 2013. According to the health questionnaire completed by Grindlinger, her reason for seeking medical treatment from Dr. Weiner was "implants." Grindlinger also complained of bleeding and constant pain along with sensitivity to "heat, cold, sweets and chewing."

After Dr. Weiner advised Grindlinger that one implant was the cause of her pain, the implant was removed. Dr. Weiner advised Grindlinger in November 2013, that other implants would also need to be removed. After learning of the need for additional dental work and the cost associated with that work, Grindlinger sought a second opinion from Dr. Steven L. Greenbaum, D.M.D. in February 2014. After his examination, Dr. Greenbaum informed Grindlinger that there was possible negligence by Dr. Abenaim.

After discovery, Dr. Abenaim filed a motion seeking dismissal of the complaint based upon the statute of limitations.[2] In granting the motion, the trial court, after reciting the arguments raised by the parties, held:

> It is clear by the records of various dentists and by the plaintiff's own deposition that she was aware, or at least should've been aware, of defendant's neglect by at least

---

[2] In opposition to the motion, Grindlinger submitted a certification stating that it was only during the treatment by Dr. Greenbaum that "any possible negligence of Dr. Abenaim first arose." Although the motion was not filed as one for summary judgment, we treat the motion as one brought pursuant to Rule 4:46-2 for purposes of our standard of review.

> August of 2013[,] which is outside the two-year statute of limitations.
>
> It should be noted that the plaintiff cites Rule 4:46-1 to claim that defendant has not complied with the court rules and defendant has not filed a motion for summary judgment under that rule. I do not find that the cite to [Rule] 4:46-1 is proper and the facts and dates are clear and a Lopez[3] hearing is not required.
>
> As such, I'm going to grant the defendant's motion.

On appeal, Grindlinger argues that it was error to dismiss the complaint on statute of limitations grounds. Grindlinger also argues that procedural infirmities relating to the non-provision of a separate statement of undisputed facts by movant precluded the trial court from making an informed decision on the motion.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue

---

[3] Lopez v. Swyer, 62 N.J. 267 (1973).

in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). If no genuine issue of material fact exists, the inquiry then turns to "whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

Medical malpractice actions must be commenced within two years after the cause of action has accrued. N.J.S.A. 2A:14-2(a). In order to prevent the sometimes harsh result of a mechanical application of the statute of limitations, this court has adopted the discovery rule. Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 52 (2000) (citing Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 426 (1987); Fernandi v. Strully, 35 N.J. 434, 449-50 (1961)).

The discovery rule tolls the statute of limitations when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another. See Caravaggio v. D'Agostini, 166 N.J. 237, 245-46 (2001).

The discovery rule is essentially a rule of equity. Lopez, 62 N.J. at 273. It "provides that in an appropriate case a cause

of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Id. at 272.

Although the discovery rule does not require "knowledge of a specific basis for legal liability or a provable cause of action," it does require "knowledge not only of the injury but also that another is at fault." Martinez, 163 N.J. at 52 (citations omitted). "To the extent that fault is not self-evident or obviously revealed by the injury itself, the judicial search into an aggrieved party's knowledge of possible fault must be . . . exacting." Savage v. Old Bridge-Sayreville Med. Grp., PA, 134 N.J. 241, 247-48 (1993) (quoting Lynch v. Rubacky, 85 N.J. 65, 74 (1981)). A cause of action does not accrue until both of those factors exist. Martinez, 163 N.J. at 53.

In many cases, knowledge of fault is acquired simultaneously with knowledge of injury. Fault is apparent for example, where the wrong tooth is extracted during surgery, or a foreign object has been left within the body after an operation. In other cases, however, a plaintiff may be aware of an injury, but not aware that the injury is attributable to the fault of another. Id. at 53-54.

However, where a plaintiff knows of an injury, but fault is not self-evident or implicit in the injury itself, it must be shown that a reasonable person would have been aware of such fault in order to bar the plaintiff from invoking the discovery rule. Id. at 55.

The question in a discovery rule case is whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another. The standard is basically an objective one — whether plaintiff "knew or should have known" of sufficient facts to start the statute of limitations running. That does not mean that the statute of limitations is tolled until a plaintiff has knowledge of a specific basis for legal liability or a cause of action that is provable. It does, however, require knowledge not only of the injury but also that another is at fault. Both are critical elements in determining whether the discovery rule applies. See Caravaggio, 166 N.J. at 246; Savage, 134 N.J. at 248.

In this matter, the defining issue concerns when plaintiff should have known that she had a basis for an action. The trial court found, at the latest, plaintiff knew or should have known that the dental implants were problematic by August 22, 2013; a date more than two years earlier than the September 15, 2015 filing date.

The trial court concluded that because Grindlinger was aware that she was injured and should have been aware of Dr. Abenaim's "neglect" as of August 2013, summary judgment was appropriate. The trial court based its finding on a review of relevant medical records and "plaintiff's own deposition."

As noted, the critical considerations in determining the application of the discovery rule are Grindlinger's knowledge of injury and her knowledge of fault. Martinez, 163 N.J. at 52. Stated otherwise, should Grindlinger, as a reasonable person exercising ordinary diligence, have discovered she was injured due to the fault of Dr. Abenaim more than two years prior to the expiration of the statute of limitations? On the record before us, we conclude that the answer to that query is in the affirmative.

First, there can be no dispute that Grindlinger was aware of an "injury" to her mouth when she saw Dr. Spielman. Her complaints of pain and swelling were consistent with injury to her mouth in the area of the implants. While the etiology of the injury may have been uncertain then, by the time she sought treatment from Dr. Weiner, she was aware of the etiology, i.e., the "implants" as she noted in the health questionnaire. It is further without dispute that Grindlinger knew Dr. Abenaim performed the implants.

A-4057-16T1

As such, as of August 2013, we are satisfied that Grindlinger had knowledge of injury.

We next turn to the "fault" prong. In Savage, the court addressed this prong in terms of "possibility" that another person's conduct caused the injury.

> "Fault" in the context of the discovery rule is simply that it is possible — not provable or even probable — that a third person's conduct that caused the injury was itself unreasonable or lacking in due care. In other words, knowledge of fault does not mean knowledge of a basis for legal liability or a provable cause of action; knowledge of fault denotes only facts suggesting the possibility of wrongdoing. Thus, knowledge of fault for purposes of the discovery rule has a circumscribed meaning: it requires only the awareness of facts that would alert a reasonable person exercising ordinary diligence that a third party's conduct may have caused or contributed to the cause of the injury and that conduct itself might possibly have been unreasonable or lacking in due care.
>
> [Savage, 134 N.J. at 248 (emphasis in original).]

Here, by virtue of her initial treatment by Dr. Weiner, Grindlinger knew of her "injury," reasonably should have known it was related to the implants, and reasonably could conclude that Dr. Abenaim's conduct may have caused the injury. It follows that it was therefore implicit, if not evident, that Dr. Abenaim's conduct was "possibly" unreasonable or lacking in due care, even though not "provable or even probable." Ibid.

9

As such, we conclude that the statute of limitations for commencing the action accrued as of August 22, 2013. We further conclude that Grindlinger's remaining argument lacks sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION